O

# United States District Court
# Central District of California

| | |
|---|---|
| VERONICA J. ROWE,<br><br>        Plaintiff,<br><br>    v.<br><br>RANDALL D. NAIMAN, ESQ., STATE BAR NUMBER 81048, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 14-cv-02498-ODW(SHx)<br><br>**ORDER STAYING CASE PENDING APPEAL AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT [9]** |

## I. INTRODUCTION

In June 2012, nonparty Homesales, Inc. purchased Plaintiff Veronica J. Rowe's residence at a trustee's sale. On April 25, 2014, she filed this action against Defendant Randall D. Naiman, Homesales's counsel, who she alleges used forged and fraudulent documents in the subsequent unlawful-detainer action brought against her. Naiman moves to dismiss Rowe's Complaint because her claims have already been adjudicated in state court. For the reasons discussed below, the Court **STAYS** this

/ / /

case pending appeal and **DENIES AS MOOT** Naiman's Motion to Dismiss.[1] (ECF No. 9.)

## II. FACTUAL BACKGROUND

Rowe's Complaint arises from a nonjudicial foreclosure brought by third-party Homesales, Inc., against Rowe. (Compl. ¶¶ 16–20; RJN Ex. A.) Naiman was not involved in the foreclosure but was Homesales's counsel in the post-foreclosure unlawful-detainer action. (*Id.*)

In the underlying unlawful-detainer action, Homesales brought a motion for summary judgment against Rowe. (RJN Ex. B.) Rowe opposed the motion, arguing that Naiman fraudulently forged and filed documents and declarations in the action. (*Id.* Ex. C.) The court entered judgment for Homesales and against Rowe on March 11, 2014. (RJN Ex. B.) Rowe filed a motion for reconsideration, which was denied. (*Id.* Ex. B)

On April 11, 2014, Rowe filed a notice of appeal with the Los Angeles County Superior Court's Appellate Division. (*Id.*) That appeal is currently pending.

On April 25, 2014, Rowe filed this federal action against Naiman. (ECF No. 1.) What is discernable from Rowe's pro se Complaint sounds in fraud; she alleges that Naiman "used forged and fraudulent documents in the unlawful detainer court to have the Summary Judgment and, [sic] a request for Writ of Possession issued." (Compl. ¶ 7.) All of Rowe's claims against Naiman arises from his legal representation of Homesales in the underlying unlawful-detainer action.[2]

///

---

[1] After carefully considering the papers filed in support of Naiman's Motion to Dismiss, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] Rowe alleges the following claims against Naiman, (1) fraud; (2) conspiracy to defraud; (3) unjust enrichment; (4) intentional infliction of emotional distress; (4) civil RICO; and (5) due process and equal-protection violations. Rowe also makes numerous criminal allegations against Naiman that provide no enforcement mechanism for private individuals: violations of Title 18 of the United States Code: § 1341 (mail fraud); § 1343 (wire fraud); § 1344 (bank fraud); § 1951 (extortion); § 1952 (racketeering); § 1956 (money laundering); and §§ 2314–15 (interstate transportation of stolen property).

On May 20, 2014, Defendant Randall Naiman filed a Motion to Dismiss Plaintiff Veronica Rowe's Complaint. (ECF No. 9.) Naiman moves to dismiss Rowe's Complaint under *Younger* abstention, the *Rooker-Feldman* doctrine, the doctrine of *res judicata*, the *Noerr-Pennington* doctrine, and California's litigation privilege. (*Id.*)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*

1 *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d
2 1122, 1127 (9th Cir. 2000).

### IV. DISCUSSION

Naiman moves to dismiss Rowe's Complaint on a variety of abstention and preclusion grounds. While most of the asserted doctrines do not apply to this action, Naiman's *res judicata* arguments find a foothold.

Naiman generally contends that Rowe's claims are identical to the ones she raised in her prior state-court action and that because the Superior Court decided in Naiman's favor regarding the documents in the state action, Rowe is barred by *res judicata*[3] from raising her fraud claims again in this action. Naiman supports this assertion by submitting judicially noticeable evidence that Rowe unsuccessfully litigated the fraud issue in unlawful-detainer action in state court—and now is raising the same legal theories and factual arguments in this action. Thus, Naiman argues, Rowe's allegations against Naiman are barred by *res judicata*, and her Complaint should be dismissed.

Under the doctrine of issue preclusion, "once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause between the parties" and their privies. *Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 467 n.6 (1982). Federal courts are required to give "preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Wige v. City of L.A.*, 713 F.3d 1183, 1185 (9th Cir. 2013) (internal quotation marks omitted); *see* 28 U.S.C. § 1738.

/ / /

---

[3] Although Naiman refers to his preclusion argument generally as *res judicata*, it is more appropriately termed defensive mutual collateral estoppel, as Naiman seeks to preclude a plaintiff from relitigating an issue that the plaintiff previously unsuccessfully litigated against the same party. *See generally Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323 (1971); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979); *United States v. Mendoza*, 464 U.S. 154, 159 n.4 (1984).

The Supreme Court addressed 28 U.S.C. § 1738, in *Kremer v. Chemical Construction Corp.,* 456 U.S. 461 (1982), which establishes that state judicial proceedings are granted full faith and credit in federal courts. The Supreme Court stated that, "Section 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Kremer,* 456 U.S. at 481. Accordingly, the Court consults California's law regarding collateral estoppel to determine the preclusive effect of the underlying state-court ruling on the issues presented by Rowe in this Court. *See Dodd v. Hood River Cnty.,* 136 F.3d 1219, 1225 (9th Cir. 1998).

In California, five requirements must be met for issue preclusion to apply:
(1) the issue sought to be relitigated must be identical to the issue decided in the earlier action; (2) the issue must have been actually litigated and (3) necessarily decided in the earlier action; (4) the earlier decision must be final and made on the merits; and (5) the party against whom issue preclusion is asserted must have been a party to the earlier action or in privity with such a party.

*Wige*, 713 F.3d at 1185 (citing *Lucido v. Sup. Ct.,* 51 Cal. 3d 335, 341 (1990)). The party asserting issue preclusion bears the burden of establishing these requirements. *Lucido*, 51 Cal. 3d at 341.

Here, identicality is met: the issue—Naiman's alleged fraudulent execution and submission of documents—is identical to the issue decided on summary judgment in the underlying unlawful-detainer action, and the parties remain the same. At issue is only whether the decision is considered "final."

In California, the final-judgment prerequisite "requires that the time for seeking a new trial or appealing the judgment has expired and any appeal is final. In other words, the judgment is not final and preclusive if it is still subject to direct attack." *People v. Burns*, 198 Cal. App. 4th 726, 731 (Ct. App. 2011). Because the state-court

ruling is currently on appeal, there is not yet a final judgment on the merits. The outcome of that appeal will have a material effect on the issues being litigated in this action. The Court will therefore stay this proceeding, pending the resolution of the state-court action.

## V. CONCLUSION

This case is hereby **STAYED** pending final judgment in *Homesales, Inc. v. Veronica J. Rowe et al.*, Case No. 13R11985 (L.A. Super. Ct. Dec. 26, 2013), currently on appeal in California state court. The Court therefore **DENIES AS MOOT** Naiman's Motion to Dismiss. (ECF No. 9.) The parties are **ORDERED** to file a status report every 90 days as to the status of the state case and, upon exhaustion of the related state-court appeals, one or both parties may file a motion to lift the stay.

**IT IS SO ORDERED.**

August 15, 2014

_____

**UNITED STATES DISTRICT JUDGE**